# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN CHRISTENSEN,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0091**  (BOR Appeal No. 2050598)
(Claim No. 2013005932)

**IVS HYDRO, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Christensen, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. IVS Hydro, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 5, 2016, in which the Board affirmed a June 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 10, 2014, decision closing Mr. Christensen's claim for workers' compensation benefits on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Christensen injured his left elbow on August 7, 2012, while manipulating a large, high-pressure water hose. He initially sought treatment in the emergency department of Charleston Area Medical Center's Teay's Valley Hospital on August 18, 2012, where he was diagnosed with acute left lateral epicondylitis. His application for workers' compensation benefits was subsequently held compensable for lateral epicondylitis of the left elbow. Additionally, Mr. Christensen received temporary total disability benefits from August 18, 2012, through August 23, 2012, from October 8, 2012, through October 22, 2012, and from July 11,

1

2013, through September 8, 2014. On September 4, 2014, Jack Steel, M.D., Mr. Christensen's treating physician, released him to return to work at full duty as of September 8, 2014. On October 10, 2014, the claims administrator closed Mr. Christensen's claim on a temporary total disability basis. Paul Bachwitt, M.D., performed an independent medical evaluation on December 4, 2014, and authored a report memorializing his findings on December 9, 2014. Dr. Bachwitt determined that Mr. Christensen has reached maximum medical improvement with respect to the compensable injury. Additionally, he noted that Mr. Christensen has returned to work at full duty. Dr. Bachwitt then opined that the claims administrator properly closed the claim on a temporary total disability basis.

In its Order affirming the October 10, 2014, claims administrator's decision, the Office of Judges held that because Mr. Christensen was released to return to work prior to the termination of his temporary total disability benefits, the claims administrator's closure of the claim on a temporary total disability basis was proper. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 5, 2016. On appeal, Mr. Christensen requests an award of temporary total disability benefits from October 24, 2012, through July 10, 2013.[1]

West Virginia Code § 23-4-7a (2005), provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As was noted by the Office of Judges, Dr. Steel released Mr. Christensen to return to work at full duty approximately one month prior to the claims administrator's closure of the claim on a temporary total disability basis. The Office of Judges further noted that Dr. Bachwitt determined that Mr. Christensen has reached maximum medical improvement. Additionally, the Office of Judges noted that Dr. Bachwitt is of the opinion that the claims administrator properly closed the claim on a temporary total disability basis. The Office of Judges then concluded that pursuant to West Virginia Code § 23-4-7a, the claim was properly closed by the claims administrator on October 10, 2014, because Mr. Christensen was released to return to work by his treating physician more than one month prior to the closure of the claim. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[1] In *Christensen v. IVS Hydro, Inc.,* No. 15-0046 (W.Va. Supreme Court, October 7, 2015)(memorandum decision), Mr. Christensen was granted temporary total disability benefits from August 18, 2012, through August 23, 2012, and from October 8, 2012, through October 22, 2012. However, he raised the identical argument set forth in the instant appeal. In Appeal No. 15-0046, we determined that Mr. Christensen failed to demonstrate that he is entitled to temporary total disability benefits from October 24, 2012, through July 10, 2013. As we have already rendered a decision on the merits of the sole argument raised by Mr. Christensen in the instant appeal, we will not address his argument in our decision. We further note that in his brief, Mr. Christensen's attorney did not address the sole issue presently before this Court, namely the closure of his claim on a temporary total disability basis.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3